UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

D‍WAYNE A‍NTHONY J‍OHNSON,

    Plaintiff,

    v.

H‍ATATU E‍LUM, ET AL.,

    Defendants.

_____/

Case No. 20-cv-12733

U.S. D‍ISTRICT C‍OURT J‍UDGE
G‍ERSHWIN A. D‍RAIN

**ORDER DIRECTING THE CLERK OF COURT TO APPLY THE FILING FEE SUBMITTED IN THIS CASE TO CASE NUMBER 20-CV-12422 AND CLOSING THIS CASE AS DUPLICATIVE**

This matter is before the Court on Plaintiff Dwayne Anthony Johnson's prepaid civil rights case under 42 U.S.C. § 1983.  *See* ECF No. 1.  Plaintiff Johnson is a state prisoner at the G. Robert Cotton Correctional Facility in Jackson, Michigan. Because his *pro se* Complaint in this matter is duplicative of a complaint that Johnson filed about one month earlier, the Court will dismiss this case and direct the Clerk of Court to apply the filing fee to the earlier case where no fee was paid.

**I. B‍ACKGROUND**

On August 18, 2020, Plaintiff Johnson filed a *pro se* civil rights complaint that was assigned to Judge Matthew F. Leitman, another judge in this District.  The Complaint names Hatatu Elum, Michelle Parsons, Jeremy Howard, and T. Kisor as

Defendants. Plaintiff alleges that the Defendants retaliated against Plaintiff by transferring him to a different prison because he assisted another prisoner with some legal work and filed a grievance against Defendant Elum. *See Johnson v. Elum, et al.*, No. 4:20-cv-12422, ECF No. 1, PageID.7 (E.D. Mich. Aug. 18, 2020).

Johnson did not pay the filing fee in Judge Leitman's case (4:20-cv-12422). Nor did Plaintiff apply for leave to proceed *in forma pauperis* in that case. However, on September 15, 2020, Johnson commenced this case by filing an identical complaint and prepaying the filing fee for the case in this Court.

## II. DISCUSSION AND ORDER

The Court believes that Johnson intended to pay the filing fee in case number 4:20-cv-12422 when he submitted the duplicate complaint and the filing fee to the Clerk of Court. It does not appear that he intended to file a new case with the same allegations, issues, and defendants.

Furthermore, "[a]s part of its general power to administer its docket, a district court may stay or dismiss a suit that is duplicative of another federal court suit." *Curtis v. Citibank, N.A.*, 226 F.3d 133, 138 (2d Cir. 2000). "[S]imple dismissal of the second suit is [a] common disposition because plaintiffs have no right to maintain two actions on the same subject in the same court, against the same defendant at the same time." *Id.* at 138–139; *accord Missouri ex rel. Nixon v. Prudential Health Care Plan, Inc.*, 259 F.3d 949, 954 (8th Cir. 2001) (stating that "[p]laintiffs may not

pursue multiple federal suits against the same party involving the same controversy at the same time"); *Zerilli v. Evening News Ass'n*, 628 F.2d 217, 222 (D.C. Cir. 1980) (stating that "a plaintiff has no right to maintain two separate actions involving the same subject matter at the same time in the same court and against the same defendant.") (en banc) (internal citations omitted).

Plaintiff's Complaint in this case is identical to the complaint that he filed in case number 4:20-cv-12422. He has no right to maintain a duplicative action on the same subject against the same defendants at the same time. Accordingly,

**IT IS ORDERED** that the Clerk of Court shall apply the filing fee paid in this case to case number 4:20-cv-12422.

**IT IS FURTHER ORDERED** that this case is summarily **DISMISSED** as duplicative of case number 4:20-cv-12422.

**IT IS SO ORDERED.**

                                                   s/Gershwin A. Drain
                                                   GERSHWIN A. DRAIN
                                                   UNITED STATES DISTRICT JUDGE

Dated: October 27, 2020

CERTIFICATE OF SERVICE
Copies of this Order were served upon attorneys of record on
October 27, 2020, by electronic and/or ordinary mail.
/s/ Teresa McGovern
Case Manager